AYRES, Judge.
By this action plaintiff, Liberty Mutual Insurance Company, seeks to recover insurance premiums of the defendant, Petroleum Venture Capital Corporation.
Interrogatories propounded to plaintiff and the answers thereto, as well as the evidence adduced on the trial of this cause, show that the charges were for premiums allegedly earned on three policies. These were an automobile insurance policy, a comprehensive general liability policy, and a workmen’s compensation policy, naming, as insureds in addition to defendant corporation, the Consolidated Well Servicing *926 Co., Inc., Louisiana National Petroleum Corporation, and Caravan Drilling Company, Inc.
At the conclusion of an oral opinion dictated into the record, the trial court gave judgment in favor of plaintiff against the defendant and, from this judgment, defendant perfected suspensive and devolu-tive appeals.
Defendant’s position is apparently that each of the four insured corporations is indebted only for such amount of the premiums chargeable to and incurred by it through its individual activities. Assigned as error is the holding of the court that defendant purchased insurance for the three other corporations. Also assigned as error is the sufficiency of the evidence to establish that fact.
The entire relationship of the four corporations named as insureds in the policies is of significant importance, William H. Parker, an official or director in all these corporations, owns all of the capital stock of Consolidated Well Servicing Co., Inc., and that corporation owns all the capital stock of the Louisiana National Petroleum Corporation and Caravan Drilling Company, Inc. Defendant, Petroleum Venture Capital Corporation, is wholly owned by Parker. He is president of defendant company and Olen C. Smith is vice president. Parker is also a director of Consolidated Well Servicing Co., Inc., and of the Louisiana National Petroleum Corporation. Smith is president of the latter. Parker is president and Smith is vice president of Caravan Drilling Company, Inc. All four companies receive mail at the same office location and maintain no other office.
Prior to the issuance of the policies on which collection of the premiums is now sought, plaintiff made a written proposal to defendant, Petroleum Venture Capital Corporation, wherein it proposed to issue these policies to cover not only defendant but Consolidated Well Servicing Co., Inc., and the Louisiana National Petroleum Corporation. This proposal was addressed to Parker, in his capacity as president of defendant corporation, and was delivered to defendant’s office where it was left with Smith. Subsequent to the delivery of this proposal, written applications for the insurance policies were made to plaintiff. These were signed by Smith. Upon receipt of these applications, binders were issued as were the policies thereafter in due course. Upon Parker’s telephonic request, Caravan Drilling Company, Inc., was later named as an insured in the policies.
The proposal submitted by plaintiff’s agent was directed to Parker as president of defendant, Petroleum Venture Capital Corporation. This proposal contained a detailed statement as to coverage and an estimate of the cost. Operations of the other corporations were included. The preliminary transactions were thus established to have been made with defendant, Petroleum Venture Capital Corporation". The premiums, calculated upon an audit of records furnished by defendant, were charged to defendant, and demands were made for their payment upon the defendant, through Parker, as its president. No objection was made until this action was instituted.
Under the evidence adduced no question exists as to the issuance of the policies, the coverage afforded, or that the premiums were properly calculated. Defendant’s answer is a simple denial. Though it is questionable that under this mere denial defendant may urge defenses predicated upon an alleged solidarity of the obligations among the several corporations, or that, as to three of them, plaintiff seeks to recover of the defendant debts of third parties not reduced to writing, these contentions are, however, without merit, for as shown above, the obligations are those of the defendant. A division of liability as between the insureds is of no importance or concern to plaintiff. Nor is there any merit in the posi *927 tion that the responsibility for payment of these premiums was that of third parties requiring a written promise to pay. The situation arises out of the corporate structures of the insured corporations and the element of common ownership among them. We are in accord with the conclusion of the trial court that the defendant made application for and purchased the insurance policies in its individual capacity and is consequently responsible for payment of the premiums. No obligation of a third party is involved.
The judgment is, in our opinion, eminently correct and it is accordingly affirmed at defendant-appellant’s costs.
Affirmed.