COVINGTON, Judge.
This is an appeal from a judgment for $4,773.00 in favor of plaintiff, Commercial Union Insurance Company, against defendants, in solido, A-l Contracting Co. of Louisiana, Inc.,[1] Bruce Hunt Contracting Co., Inc. and Bruce Hunt, individually, for premiums due for insurance. We affirm.
Wright and Percy Insurance Agency, as agent for Commercial Union, issued a combined comprehensive general liability, workers’ compensation and automobile policy naming defendants as the insureds. This policy was later endorsed to include Alex J. Hunt Contracting Company, Inc., as an additional named insured. An estimated premium was billed at the time the policy was issued and, after the policy period of one year expired, the insureds’ books were audited and a premium audit notice was issued by the insurance company to the insureds in order to reflect the correct premium based on the insureds’ payroll and operations records. In this case, the premium audit notice and invoice reflected an additional premium due in the amount of $4,773.00. The issuance of the policy and the amount of the premiums are not disputed. When this amount was not paid, Corn- *40 mercial Union filed the present suit. The trial court rendered judgment in favor of the plaintiff against all defendants in soli-do.
The defendants contend that none of them are liable for the premium and that the premium should have been billed to and paid by Alex J. Hunt Contracting Company, Inc., which was not made a party to this suit. The basis for this contention is that A-l Contracting and Bruce Hunt, individually, had no employees or payroll during the policy period and there is no corporation named Bruce Hunt Contracting Co., Inc. Only Alex J. Hunt Contracting Co., Inc., had employees covered by this policy, according to defendants.
The testimony in this case disclosed that Bruce Hunt had been in the contracting business for many years, using various corporate names. During the past thirty years, Bruce Hunt had purchased insurance covering all of his business activities from Wright and Percy Insurance Agency. He also testified that he generally ordered his insurance by telephone and that the agency would send him the appropriate application, which he would execute and return by mail. This procedure was followed in the instant case. The agency was requested to insure all of the Hunt businesses and the application was mailed to Bruce Hunt for his execution as the insured. Bruce Hunt executed the application for the policy at issue without any corporate designation. Later, after another telephone call to the agency from Bruce Hunt, an endorsement was issued naming Alex Hunt Contracting Co., Inc. as an additional insured. Both Bruce Hunt and Alex Hunt testified that the agency was given only general instructions concerning the issuance of any policies and that the agency was never told to remove any of the named insureds from this policy or that the premiums should be billed to any particular entity.
The court in Liberty Mutual Insurance Company v. Petroleum Venture Capital Corporation, 216 So.2d 925 (La.App. 2nd Cir.1968), considered a factual situation which was similar to the present case. The court in that case found that the various insureds were owned by one defendant, either directly as subsidiaries, or indirectly through the ownership of stock. The court held that the defendant which had made application for and purchased the policies was responsible for payment of the premiums.
We find that Commercial Union insured Hunt’s businesses, irrespective of the name or names Hunt used. Hunt admitted that he never instructed Wright and Percy to remove any of the named insureds from the policies, and the testimony is clear that Hunt did not tell the agency that the premiums should be billed to any specific corporation, or that he would not be personally responsible for the premiums, or that he was not representing the various corporations.
As stated in the Liberty Mutual case, this situation arises out of the corporate structures of the insured defendants, and the ownership of these corporations by Bruce Hunt and his son, Alex Hunt. The trial court correctly concluded that Bruce Hunt made application for and purchased the insurance for all of the businesses involved, in his individual capacity and as the representative of the businesses, and consequently all of the defendants are responsible for the premiums.
For the reasons assigned, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. This defendant’s correct legal name is A-l Contracting Company of Louisiana, Inc. and the judgment correctly uses that name.